EDMONSON N. CONNOR, Assignee of JOSEPH VICKERS *vs.* WILLIAM ROBERTSON, Administrator of NICHOLAS R. NEAL.

STATE, use of MARY L. VICKERS, an heir of NICHOLAS R. NEAL, late MARY L. NEAL *vs.* WILLIAM ROBERTSON and PETER R. BURTON.

A husband entitled to a chose in action accruing to his wife after coverture, made an equitable assignment of it to a creditor, and died before it was reduced into possession:—*held* that it survived to the wife.

THESE cases came before the Court of Errors and Appeals, on questions reserved, upon the following case stated :—

Nicholas R. Neal died intestate, and without issue, leaving Mary L. Vickers, his sister, one of three heirs-at-law; the defendant, William Robertson, administered on his estate, (P. R. Burton surety,) and passed a distributive account on the 22d of September, 1845, showing $276 86, a distributive balance, as due to Joseph Vickers and wife, in right of his wife.

After the death of N. R. Neal, to wit: October 17, 1844, Joseph Vickers signed the following paper:—"I have this day granted, bargained and sold unto Edmonson N. Cannon, all my right, title and claim of and in the estate of Nicholas R. Neal, deceased, for the sum of one hundred and fifty dollars;" which was underwritten by the said E. N. Cannon, as follows: "The condition of the above is such, that if the said E. N. Cannon receives more money than will satisfy the claim William Robertson has against Jos. Vickers; also another claim which the said Cannon, above mentioned, has against Vickers, which claim is about $156; then the said Cannon shall refund back to Vickers all the residue."

At that time William Robertson held a judgment in the Superior Court, against said Joseph Vickers and E. N. Cannon, for $767 03, on which credits to the amount of $330 were endorsed, as paid by E. N. Cannon.

Joseph Vickers died after the passing of the distributive account, leaving his wife, Mary L. Vickers, to survive him.

The first suit was by the assignee of the husband, and the second by the widow, to recover the distributive balance from the administrator of Nicholas R. Neal; and the question was, whether this chose in action accruing to the wife after coverture, passed by this assignment of the husband; or survived, upon his death, to the wife.

The case was argued at June term, 1849, by Mr. Houston for the assignee, and Mr. Cullen for the widow, before a full court, to wit: Johns, Chancellor, Booth, Chief Justice; and Harrington, Milligan and Wootten, Justices.

*Mr. Houston* cited 2 *Kent's Com.*, 136, 141; 3 *Howard Miss. Rep.*, 394; 19 *Com. Law Rep.*, 205; 1 *P. Wms.*, 449; 5 *Johns. Ch. Rep.*, 196, 207, 464; 5 *Cow. Rep.*, 590; 3 *P. Wms.*, 197; 2 *Atk. Rep.*, 206, 417; 9 *Vez. Ch. Rep.*, 86.

*Mr. Cullen* cited 22 *Com. Law Rep.*, 71; *Chitty Cont.*, 158; (edition of 1842;) 8 *Mass. Rep.*, 99; 17 *Idem*, 57; *Addison on Contracts*, 347; 13 *Com. Law. Rep.*, 163; 12 *Mess. & Wells.* 853;

5; *note;* 6 *Ibid,* 422; 1 *Wms. Ex.,* 612 to 616; 5 *Harr. Digest,* 824, 826; 1 *Daniels Ch. Pr.,* 149.

*Mr. Houston* replied.

*By the Court:—*

JOHNS, *Chancellor:*—The case stated presents for our consideration the question which plaintiff has the legal right and remedy.

It is apparent the amendment by consent, substituting the administrator of J. P. T. Vickers, deceased, has introduced into that suit a legal party; and the State of Delaware, suing for the use of Mary L. Vickers, &c., is equally so. The parties being legal, it is only necessary to ascertain which has the legal cause of action, for both cannot be entitled. The demand of each is for the distributive share of the personal estate of a deceased brother of Mary's, which accrued to her in the life time of her husband, and remained unpaid and not collected or reduced into possession by the husband during the coverture. The wife having survived, claims in her own right; the administrator of the deceased husband sues to collect for the use of an assignee, equally entitled, the State of Delaware for the use of the surviving wife. The right of the wife surviving is legal, that of the assignee of the deceased husband in his life time only equitable; not being under seal, nor executed as prescribed by act of assembly, it conferred no right of action in name of suing assignee in life time of the husband. During the life of the husband, and while the marital rights of the husband existed, the equitable assignee might have availed himself of the husband's name, in right of the wife, to reduce the chose in action into possession; but by the death of the husband and survivorship of the wife, his right and remedy have ceased to exist. The surviving wife is again sui juris, and legally as well as equitably entitled. The equitable assignment transferred no legal right, and therefore, none exists capable of constituting a legal cause of action in a legal suit. This being so, it must result as a necessary consequence, that the administrator of N. P. F. Vickers, deceased, cannot recover in the suit he has instituted.

In the second case, in which the State of Delaware is plaintiff, for the use of Mary L. Vickers, one of the heirs-at-law of N. R. Neal, deceased, the court consider the plaintiff in that action entitled to recover the money for which it has been brought, for the use of Mary L. Vickers, she having survived her husband.